IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GEORGE A SAMUELS III, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:21-CV-00163-TES-CHW |
| LAMAR COUNTY, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff George A. Samuels III, a pretrial detainee presently incarcerated in the Lamar County Detention Center in Barnesville, Georgia, has filed a Recast Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 6) and a complete motion for leave to proceed *in forma pauperis* (ECF No. 7). For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice**.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 7) is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the

prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.   Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the Lamar County Jail. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account

shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S RECAST COMPLAINT**

I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010);

3

*Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

4

under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

The claims in Plaintiff's Recast Complaint, which is the operative pleading in this action, arise from his current incarceration on criminal charges of theft by taking, theft by receiving, and criminal trespass. Recast Compl. 7, ECF No. 6; *see also Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint). The factual allegations in Plaintiff's Recast Complaint are sparse, but it appears Plaintiff is alleging that Defendant Davis, a sergeant in the Lamar County investigative division, did not have sufficient evidence that Plaintiff committed a crime to obtain the warrant to arrest Plaintiff. *See* Recast Compl. 5, ECF No. 6 (alleging that an arresting officer has the obligation to "see that there is admissible & substantial evidence that supports his written statement under oath 'affidavit,' which reflect the maximum indication of reality"). Plaintiff states that "there is no physical evidence that [he] committed any crime" and that he is "innocent." *Id.* at 5. Plaintiff thus contends his imprisonment is unconstitutional, and as a result he primarily seeks compensatory damages. *Id.* at 6. In addition to Defendant Davis, Plaintiff names Lamar County Sheriff Brad White, Lamar County Jail Lieutenant Stephanie Melton, and Lamar County itself as Defendants in this action. *Id.* at 4.

III. Plaintiff's Claims

As noted above, Plaintiff's claims concern his allegedly false arrest and imprisonment on criminal charges, and it appears these charges are still pending against Plaintiff. To the extent Plaintiff's charges are still pending, the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) bars his claims. In *Younger*, the United States Supreme Court explained that federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53. *Younger* abstention is thus required where (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See, e.g., Newsome v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (extending *Younger* to § 1983 actions for money damages).

To the extent Plaintiff's state criminal proceedings are pending, any decision by this Court with respect to the constitutional issues raised by Plaintiff would substantially interfere with, and perhaps undermine, the decisions reached by the state court in those proceedings. *See Newsome*, 304 F. App'x at 816 (noting that the relevant inquiry with respect to the first *Middlesex* factor is "whether the federal proceeding will interfere with an ongoing state court proceeding" (internal quotation marks omitted)); *see also Watson v. Fla. Judicial Qualifications Com'n*, 618 F. App'x 487, 490 (11th Cir. 2015) (per curiam).

The pending criminal proceedings also implicate the state's important interest in prosecuting those who have violated its criminal laws. *See, e.g., Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state interest in the enforcement of its laws). And Plaintiff has failed to meet his burden of showing that the state proceeding will not provide him with an adequate opportunity to raise his claims that he was improperly searched or arrested. *See Watson*, 618 F. App'x at 490 (noting that federal courts should assume that the state procedures provide an adequate remedy absent "unambiguous authority" to the contrary (internal quotation marks omitted)).

Further, Plaintiff has not alleged sufficient facts to demonstrate that an exception to the *Younger* abstention doctrine applies. *Younger* abstention may not be required where "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate state forum where the constitutional issues can be raised." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). Plaintiff has not shown that any special circumstances exist which create a threat of irreparable harm if this Court fails to intervene in his ongoing criminal prosecution or that he will be somehow deprived of an adequate forum where his constitutional challenges can be addressed. The mere fact that Plaintiff must endure a state criminal prosecution fails to demonstrate irreparable harm. *See Younger*, 401 U.S. at 46.

Claims for injunctive relief are properly dismissed when *Younger* applies. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). To the extent Plaintiff seeks injunctive relief in this case, such claims should therefore be dismissed without prejudice. In cases where *Younger* abstention is appropriate and the plaintiff also seeks damages, such as here,

7

the common practice "is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam).  This preference for a stay is applicable only where the complaint "allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction." *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988).  Federal courts have interpreted that limitation "to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915."  *Boyd*, 575 F. App'x at 520 (collecting cases).

Plaintiff has failed to state a claim with respect to Defendants Lamar County, White, and Melton because he has not alleged any facts in the body of his Recast Complaint associating these three Defendants with the constitutional violations he asserts in his pleadings.  Plaintiff's claims against these three Defendants are therefore subject to dismissal.  *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

Plaintiff's claims that Defendant Davis or any other individual falsely swore out a warrant for his arrest should also be dismissed without prejudice.  Such allegations are most appropriately construed as raising a malicious prosecution claim.  *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (per curiam) (holding that "[t]he issuance of a warrant—even an invalid one as [the plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest").  To state a claim for malicious

8

prosecution in the Eleventh Circuit, a plaintiff must show a violation of his Fourth Amendment right to be free from unreasonable seizures as well as: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). In this case, Plaintiff does not allege that the criminal prosecution against him has terminated in his favor. Thus, to the extent Plaintiff seeks to raise § 1983 malicious prosecution claims, such claims must also be dismissed.

For these reasons, a stay pursuant to *Younger* would be futile, and Plaintiff's claims concerning his present incarceration may be dismissed outright. *See, e.g., Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (per curiam) (affirming *sua sponte* dismissal of § 1983 complaint where all three *Younger* requirements were met).

IV.     Conclusion

Based on the foregoing, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 7) is **GRANTED** and it is **RECOMMENDED** that this action be **DISMISSED without prejudice.**

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 5th day of October, 2021.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge